# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1709 | **DATE** | 7/7/2004 |
| **CASE TITLE** | VPS vs. Shutterfly, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to transfer venue to the Northern District of California is granted. Enter Memorandum Opinion and Order. Pretrial conference set for 9/15/05 and jury trial set for 10/17/05 is vacated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| X | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 0 8 2004 | | 24 |
| | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | MF | courtroom deputy's initials | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED 2004 JUL -7 PM 3: 14
CLERK, U.S. DISTRICT COURT

**DOCKETED**

**JUL 08 2004**

VPS, LLC, d/b/a VIRTUAL PHOTO STORE, )
LLC, )
)
      Plaintiff, ) No. 04 C 1709
)
      v. ) Judge John W. Darrah
)
SHUTTERFLY, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Virtual Photo Store, LLC ("VPS"), filed suit in the United States District Court for

the Northern District of Illinois against Defendant, Shutterfly, Inc. ("Shutterfly"), alleging patent

infringement. Defendant has counterclaimed regarding the validity of VPS's patents, while also

seeking a declaration that VPS may not enforce its patents. Defendant has moved to transfer venue

to the United States District Court for the Northern District of California.

### BACKGROUND

VPS is the owner of two patents (U.S. Patent Nos. 6,321,231 and 6,332,146) and has its

principal place of business at 3500 Sears Tower, Chicago, Illinois. Shutterfly has its principal place

of business at 2800 Bridge Parkway in Redwood City, California. VPS alleges that Shutterfly

infringed on it patents, causing unspecified damages to VPS. Shutterfly has customers in a myriad

of locations, including the Northern District of Illinois, and roughly 3.8% of its business is derived

from this district. Several high-level executives from Shutterfly are expected to testify, as well as

the inventors of VPS's patents (most of whom are currently with VPS).

$24$

The Defendant seeks to have the present case transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

Venue is proper in both the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of California. Both courts may exercise personal jurisdiction over the claims asserted.

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of the witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice

2

can vary, depending on the circumstances of each individual case. *Georgouses*, 963 F.Supp. at 730; *Law Bulletin*, 992 F.Supp. at 1017. For example, where the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

In the instant case, VPS chose to bring suit in the Northern District of Illinois as it has brought a previous case in the court and its lawyers are conveniently located. *See VPS, LLC v. Eastman Kodak Company, et al.*, Case No. 02 C 1641. Defendants are incorporated in California. The situs of the material events - the alleged infringement of the patents - occurred in California, where Shutterfly is incorporated and conducts their business. Since deference is granted to VPS's initial forum choice, this factor weighs in favor of denying Defendant's Motion to Transfer. However, because only one of the parties resides in the Northern District of Illinois and the situs of the material events took place outside of Illinois, deference to VPS's choice of forum is diminished.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience in testifying in the challenged forum. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953) (*General*

*Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Here, Shutterfly is incorporated in California, and their principal place of business is in California. The principal witnesses on the patent infringement claim would be coming from Northern California. These witnesses are also high-level executives for Shutterfly, and their testimony is expected to be highly pertinent to the relevant issues. However, for the issues regarding Shutterfly's counterclaims, VPS has identified witnesses that may be called to testify that are in the Northern District of Illinois; and most of these witnesses were involved in the creation of the patents and, as such, have highly relevant testimony as well. Shutterfly has also documented personal and professional hardships that its party's witnesses would endure if the venue persisted in Northern Illinois.[1] VPS alleged no such hardships; and its distinction between party and non-party witnesses holds little weight, as it failed to allege that the named non-party witnesses cannot be compelled to appear. It also appears that it is in these non-party witnesses' interests to attend trial. As such, this factor, on balance, weighs in favor of granting the Defendant's motion.

Regarding the ease of access of other evidence, most evidence for this litigation is likely to be found in Northern California, primarily at the Defendant's principal place of business. While modern technology has made it now easier and less expensive to transfer information, this factor still weighs in favor of granting Defendant's motion. Regarding the counterclaims about the validity of

---

[1]For example, a single mother being away from her three children for a large period of time and/or top Shutterfly executives being away from corporate offices and unable to make important business decisions.

the patents, the evidence will consist mainly of lay and expert witness testimony; the vast majority of documents and facilities are to be found in Northern California. The situs of the material events of the instant case is in Northern California. As such, this factor weighs in favor of a transfer.

As to the relative convenience of the parties in litigating in the respective forums, as stated above, many of the witnesses are located in Northern California, though not all; and Shutterfly has showed hardships for witnesses while VPS has not. Nor does VPS clarify what it contends to be actual hardship in terms of missing work or family. Accordingly, this factor weighs in favor of transferring venue.

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F.Supp.2d at 961. This includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F.Supp.2d at 961; *Georgouses*, 963 F.Supp. at 730.

Both the Northern District of Illinois and the Northern District of California are familiar with the substantive law. Accordingly, this factor weighs neither in favor of nor against a transfer.

The Defendant does not address the relative congestion of each district's dockets. In light of Defendant's burden in establishing that transfer is warranted, this factor weighs against a transfer.

In sum, the above factors weigh in favor of granting Defendant's Motion to Transfer Venue to the Northern District of California. Shutterfly's Motion for Change of Venue to the Northern District of California is granted.

Dated: July 7, 2004

JOHN W. DARRAH
United States District Judge